UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ASCENTIUM CAPITAL, LLC	CIVIL ACTION NO. 21-cv-255

VERSUS	JUDGE ELIZABETH E. FOOTE

DIGITAL SIGN SOLUTIONS, LLC, ET AL	MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ascentium Capital, LLC filed this civil action against Digital Sign Solutions, LLC and Arvin Waddles and asserted several claims under Louisiana law, such as fraud and conversion, as well as a federal RICO claim. Although a federal claim is alleged, the jurisdiction portion of the complaint bases subject matter jurisdiction on diversity jurisdiction under 28 U.S.C. § 1332. That obligates Ascentium to allege with specificity the citizenship of the parties. There are some ambiguities in the current allegations, which requires the filing of an amended complaint to ensure that Ascentium can meet its burden.

When an LLC such as Ascentium is a party, citizenship is determined by looking to the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).

Ascentium alleges that it is "wholly owned by RF Ascentium, LLC," which is in turn "wholly owned by Regions Bank," which is an Alabama corporation with its principal place of business in Alabama. Complaint, ¶ 2. This implies that RF may be the sole

member of Ascentium and that Regions Bank may be the sole member of RF Ascentium, but that is not clear. There are other means, such as intervening entities, by which one company may "wholly own" another without being an actual member. Accordingly, Ascentium must allege with specificity the identity of each of its members and, in turn, their members through the various layers until citizenship is established.

Ascentium alleges that defendant Digital Sign Solutions, LLC is "owned and operated by" defendant Arvin Waddles. Complaint, ¶ 3. Ascentium must allege with specificity the identity and citizenship of each member(s) of the LLC. The current allegation does not do that.

Ascentium alleges in Paragraph 4 that Mr. Waddles is a "resident" of Louisiana, but citizenship for diversity purposes is based on domicile rather than mere residency. Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019). Ascentium does allege in Paragraph 5 that Mr. Waddles is a "citizen" of Louisiana, but an allegation of his domicile in Paragraph 4 will remove any ambiguity with respect to that issue.

Ascentium asserts claims under Louisiana law for fraud, conversion, Unfair Trade Practices Act, state RICO, obligation to restore, detrimental reliance, and unjust enrichment. It also asserts a federal RICO claim in Count V. There is a Standing Civil RICO Order that applies to federal RICO complaints filed in the Shreveport Division. The order, which is available on the court's website, requires a detailed RICO Case Statement be filed within 20 days of the entry of the order. Ascentium is directed to consider the order and determine whether it wishes to maintain its federal RICO claim in its amended

complaint. If the federal RICO claim is again asserted in the amended complaint, the court will enter the standing order and require compliance.

The deadline for compliance with this order is **March 19, 2021**. The court will review the record after that date to determine whether Ascentium has met its burden of alleging diversity jurisdiction and whether further action is necessary with respect to any federal RICO claim.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of March, 2021.

Mark L. Hornsby
U.S. Magistrate Judge