UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ASCENTIUM CAPITAL LLC, | * | CIVIL ACTION NO. 5:21-cv-00255 |
| Plaintiff, | * | JUDGE ELIZABETH E. FOOTE |
| v. | * | MAGISTRATE MARK L. HORNSBY |
| | * | |
| DIGITAL SIGN SOLUTIONS LLC and ARVIN WADDLES, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Plaintiff, Ascentium Capital LLC ("Ascentium"), respectfully asks the Court to enter default against defendants, Digital Sign Solutions LLC ("DSS") and Arvin Waddles ("Waddles," and collectively with DSS, "Defendants"), as authorized by Rule 55(a) of the Federal Rules of Civil Procedure, for Defendants' failure to plead, answer, or otherwise defend as to Plaintiff's Complaint, as set forth in the *Affidavit in Support of Application to Clerk for Entry of Default* attached hereto as **Exhibit A**.

### RELEVANT BACKGROUND FACTS

1. On February 1, 2021, Ascentium filed a Complaint against Defendants wherein Ascentium asserted eight (8) separate claims for fraud, conversion, Louisiana Unfair Trade Practices, State and Federal RICO, Obligation to Restore, Detrimental Reliance, and Unjust Enrichment. *See* Doc. 1.

2. On March 3, 2021, while residing at 4600 Victory Drive, Apt 73, Marshall Texas, 75672, Waddles was personally served with a summons and copy of the Complaint in his individual capacity. *See* Doc. 9.

3. On March 3, 2021, while residing at 4600 Victory Drive, Apt 73, Marshall Texas, 75672, Waddles was personally served with a summons and copy of the Complaint in his capacity as agent for service of process for DSS. *See* Doc. 10.

4. More than twenty-one (21) days have elapsed since Defendants were served with a copy of the Complaint.

5. On March 8, 2021, the Court entered a Memorandum Order instructing Ascentium to amend its Complaint to clarify the jurisdictional basis for filing in Federal Court. *See* Doc. 11.

6. On March 19, 2021, Ascentium filed an Amended Complaint in compliance with the Court's Memorandum Opinion. *See* Doc. 12. The Amended Complaint did not add any new causes of action; however, it did remove the Federal and State RICO causes of action asserted in the original Complaint.

7. On March 22, 2021, the Court entered its Electronic Jurisdictional Review Finding whereby it concluded that subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. 1332. *See* Doc. 13.

8. As set forth in the Certificate of Service attached to the Amended Complaint, copies of the Amended Complaint were mailed to the Defendants on March 19, 2021 to 4600 Victory Drive, Apt 73, Marshall Texas, 75672.[1]

9. More than fourteen (14) days have elapsed since service of the Amended Complaint on Defendants.

---

[1] Because the Amended Complaint did not assert any new claims against the Defendants, it was not required to be served under Rule 4. *See* Fed. R. Civ. Proc. 5(a)(2).

10. To date, Defendants have failed to appear, file an Answer, or otherwise defend this case.

## LAW AND ARGUMENT

11. The court may enter a default against a party that has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. Proc. 55(a); *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir.2018) (it is a "well-settled principle that a district court may 'enter default judgment pursuant to Rule 55 for failure of a party to comply with court rules of procedure'").

12. The clerk should enter Waddles' default because he has not filed a responsive pleading within twenty-one (21) days after March 3, 2021, the date of service. *See* Fed. R. Civ. Proc. 12(a)(1)(A)(i); Fed. R. Civ. Proc. 55(a).

13. The clerk enter DSS's default because it has not filed a responsive pleading within twenty-one (21) days after March 3, 2021, the date of service. *See* Fed. R. Civ. Proc. 12(a)(1)(A)(i); Fed. R. Civ. Proc. 55(a).

14. Nor have Defendants timely responded to the Amended Complaint within (14) fourteen days of service thereof. *See* Fed. R. Civ. Proc. 15(a)(3).

15. Consequentially, Ascentium meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by counsel's affidavit, attached as Exhibit A, and the record of this matter.

## PRAYER

For these reasons, Plaintiff Ascentium Capital, LLC asks the clerk to enter a default against Defendants, Digital Sign Solutions LLC and Arvin Waddles.

**RESPECTFULLY SUBMITTED**

*/s/ Lacey E. Rochester*
Jan M Hayden (#06672)
Lacey E. Rochester (#34733)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
201 St. Charles Ave, Suite 3600
New Orleans, LA 70170
T: (504) 566-5200
E: lrochester@bakerdonelson.com


*/s/ Kevin A. Stine* *
Kevin A. Stine (Ga Bar No. 682588) **(T.A.)**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
3414 Peachtree Rd, NE, Suite 1500
Atlanta, GA 30326
T: (404) 577-6000
E: kstine@bakerdonelson.com

**Counsel for Plaintiff**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 3rd day of May 2021, I served the forgoing Plaintiff's Request for Entry of Default on Defendants at the addresses listed below by U.S. Mail.

**Digital Sign Solutions, LLC**
Through its Registered Agent, Arvin Waddles
4600 Victory Drive
Apartment #73
Marshall, Texas 75672

**Arvin Waddles**
Through its Registered Agent, Arvin Waddles
4600 Victory Drive
Apartment #73
Marshall, Texas 75672

/s/Lacey E. Rochester

4842-1442-9157v1
2922628-000164 05/03/2021